FILED
2019 Mar-11 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KERRY GOODNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 5:18-cv-123-LCB |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the complaint of plaintiff Kerry Goodno. Plaintiff seeks judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Court has reviewed the pertinent record and the parties' briefs. The Court also heard oral argument from counsel on March 7, 2019.

It is the duty of the Court to review the decision of the ALJ and not re-weigh the evidence or substitute my decision for the ALJ's. In particular, the Court must affirm the ALJ's decision if it is supported by substantial evidence, even if there is evidence to supports the opposite conclusion. The Court must also determine whether the ALJ applied the correct legal standards.

At the hearing, the issue was narrowed to whether the ALJ erred in failing to state reasons in her opinion for rejecting plaintiff's request for a consultative examination, as well as the ALJ's failure to order a consultative examination. Plaintiff has cited to *Ford v. Sec'y of Health and Human Servs.*, 659 F.2d 66 (5th Cir. 1981), for the proposition that the ALJ must state in her opinion the reasons for rejecting a claimant's request for a consultative examination. The Court finds that this case is distinguishable from *Ford*. In *Ford*, the claimant's attorney requested a psychiatric evaluation on the record at the hearing before the ALJ, and the ALJ did not make an express factual determination as to the severity of the claimant's alleged mental impairments. Here, the ALJ expressly discussed the severity of plaintiff's intellectual impairment in her opinion. The Court declines to find, based on *Ford*, that the ALJ committed reversible error under the circumstances of this case for failing to state in her opinion her reasons for denying plaintiff's request for a consultative evaluation.

Furthermore, the ALJ was not required to order a consultative examination unless she could not make an informed decision based on the record before her. *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001). While there is not an extensive medical record here, the medical records that exist do not indicate any disabling condition. The ALJ noted, among other things, that plaintiff's past work history was inconsistent with a disabling intellectual disability; in fact, plaintiff left

his last job due to alleged physical impairments, not a mental one. And, there is substantial evidence to support the ALJ's decision to not fully credit the opinion of Dr. Haney due to the fact that Dr. Haney did not opine that plaintiff's intellectual impairments would prevent *all* work activity. Furthermore, Dr. Haney said that plaintiff's mental condition would "probably" remain unchanged in the next six to twelve months – in other words, his opinion was equivocal. (R. 361-62).

The Court also finds no reversible error with respect to the other issues raised by plaintiff in his brief. The ALJ did not err in failing to find the carpal tunnel syndrome not severe. This is because the ALJ expressly stated that, even considering the *combined effects* of plaintiff's impairments, he retains the RFC to perform a limited range of light work. So, there is evidence that the ALJ considered the carpal tunnel syndrome in her analysis. Furthermore, plaintiff only had one doctor's visit where carpal tunnel syndrome was mentioned, and he was prescribed medication, not even surgery. Therefore, the medical evidence does not support plaintiff's assertion that the carpal tunnel syndrome more than minimally affected his ability to work or support his subjective complaints regarding the condition.

There is substantial evidence to support the conclusion that plaintiff did not meet Listing 12.05(b). The ALJ found that plaintiff had no more than moderate limitations and based her findings on several things, including the fact that plaintiff

has worked in the past, can drive, was able to learn things from his father, has no serious problem interacting with others, can read a menu, repair farm equipment, and do simple math.

Finally, the ALJ did not fault plaintiff for failing to follow any prescribed treatment due to inability to afford treatment; rather the ALJ pointed to the weak medical evidence to support plaintiff's allegations. Additionally, the ALJ did not deny plaintiff benefits on the sole basis that plaintiff failed to comply with prescribed medical treatment. Thus, the Court finds no reversible error with respect to the ALJ's conclusion that the medical evidence was relatively weak.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is AFFIRMED.

A final judgment will be entered separately.


**DONE** and **ORDERED** March 11, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE